## HOSFORD *v.* HOTCHKISS.[1]

*(Circuit Court, E. D. New York. April 12, 1886.)*

**HUSBAND AND WIFE—SEPARATE ESTATE—PROMISSORY NOTE—INDORSEMENT BY WIFE OF MAKER—LIABILITY.**

Where a promissory note was made by one H., payable to the order of his wife, who thereafter, before the delivery of the note, signed the following indorsement: "Pay to the order of P. For value received, I hereby charge my separate estate with payment of within note;" and there was no protest or notice of non-payment of the note: *held,* in an action seeking to charge the wife as joint maker, that her liability was simply that of an indorser.

At Law. Demurrer to complaint.

*John McDonald,* for plaintiff, Louisa P. Hosford.

*John E. Parsons,* for defendants.

BENEDICT, J. On the fifteenth day of May, 1879, one ˙Philo P. Hotchkiss made his promissory note as follows:

"NEW YORK, May 15, 1879.

"Three years after date I promise to pay, to the order of Georgiana I. Hotchkiss, five thousand dollars, at the American Exchange Bank, value received, with interest at the rate of seven per cent., payable semi-annually. Due May 18, 1882. "PHILO P. HOTCHKISS."

Georgiana I. Hotchkiss was at the time of the making and delivery of the note, and now is, the wife of the maker, and was then and is now possessed, in her own right, of a separate estate. She, before the delivery of the note, wrote upon the back as follows:

"Pay to the order of Mrs. Louisa P. Peet. For value received, I hereby charge my separate estate with payment of the within note.
"GEORGIANA I. HOTCHKISS."

Upon these facts, the question raised by the demurrer to the complaint is whether, there having been no protest or notice of non-payment of the note, Georgiana I. Hotchkiss can be held liable to pay it as joint maker thereof with her husband. Upon this question my opinion is that the defendant cannot be held liable upon this note in question as joint maker.

Her writing on the back of the note contains no promise to pay. What she did was to write an indorsement on it by the words, "Pay to the order of Mrs. Louisa P. Peet." She then wrote: "For value received, I hereby charge my separate estate with the payment of the

---

[1] Reported by R. D. & Wyllys Benedict., Esqs., of the New York bar.

within note;" but she wrote no express promise to pay. A promise to pay is doubtless to be inferred; but whether the promise to be inferred is the promise of an indorser or the promise of a maker is the question to be decided. My opinion is that the promise of an indorser is the promise to be inferred, and for this reason: The note itself shows that the primary relation of the defendant to the note was that of an indorser. She was the payee of the note; an indorsement by her was therefore contemplated. She wrote an indorsement on the note. If her action had been confined to writing this bare indorsement, and signing her name, the indorsement would have created no liability whatever on her part, because of the fact that she was a married woman. Being a married woman, her bare indorsement would be equivalent to an indorsement without recourse. What she added to the bare indorsement had the effect to deprive her of the personal immunity from liability that would follow if nothing was added to the bare indorsement, and I find nothing in what she added indicating an intention to do more. In what she added she assumed a liability, but she did not state whether the liability was the liability of a maker, or the liability of an indorser, of the note. Her intention in that respect is disclosed by the relation she then bore to the note, which was that of indorser. If she had intended to change her relation to the note from that of indorser to that of maker, something more would have been said. The indorsement she had written would have created a liability to pay in case of non-payment by the maker, and due notice to her, but for the fact that she was a married woman; and this was the liability intended to be assumed by her as a married woman when she added what she did. From this a promise to pay must be inferred, but the promise must be co-extensive with the liability assumed, and that was the liability of an indorser, and not the liability of a maker.

There must be judgment for the defendant on the demurrer.